WATSON A. FOX, Appellant, *v.* CHARLES W. BREGA *et al.*, Respondents.

*N. Y. Supreme Court, First Department, General Term, May* 24, 1889.

*Discovery and Inspection.*—To be of any efficacy in oppposition to a motion for discovery and inspection, a denial that the papers are in the possession or under the control of a party, must be made by the party himself. An affidavit of his attorney, based on information and belief without disclosing the source of such information, and without assigning any good · reason why the party does not swear to the facts himself, is utterly insufficient.

Appeal from an order denying a motion that the defendant be required to produce and discover to plaintiff certain books and papers.

*T. Henry Dewey*, for appellant.

*George S. Hastings*, for respondent.

BARTLETT, J.—This action arises out of the alleged misconduct of the defendants, as agents of the plaintiff, in managing business which they did for him under contracts made by them in the plaintiff's behalf for the purchase and sale of grain and provisions.

The alleged misconduct consisted in confusing these contracts with contracts made with other parties, and in settling and canceling them without the plaintiff's knowledge or consent, so that the plaintiff was utterly deprived of his interest in the contracts in his behalf.

The plaintiff states in his petition that he has no possible way of ascertaining the names of the parties with whom such contracts were made, or how they were performed, settled or disposed of, except by an inspection of the contracts themselves, and of the books of the defendants.

He alleges that the defendants, constituting the firm of C. W. Brega & Co., kept books which contain the desired information; and as evidence of their existence, he refers to an admission made by the defendant, Charles W. Brega, in another litigation, to the effect " that his firm had in the city of Chicago, a certain book or books, in which appeared the names of the parties with whom the said contracts for the purchase and sale of grain and provisions were made, and how said contracts were performed, settled or disposed of." The plaintiff has never been allowed to see the contracts or books, and desires an inspection and discovery of the same in order to frame his complaint.

No sufficient reason for denying the application is furnished by anything stated in the affidavit of the attorney for the defendant, Charles W. Brega, which was read in opposition to the motion. The defendant, Brega, has heretofore admitted that his firm had the books which the plaintiff

desires to see, and the court has jurisdiction to order him to produce them for inspection, notwithstanding the fact that his partner, who is the other defendant in the suit, has not yet been served herein. It is true, the attorney for the defendant, Brega, swears, on information and belief, that his client has now retired from the firm, and that the defendant, Edmond W. Syer, as the successor of the firm, has possession of all the books of C. W. Brega and Co., none of which are in the possession of Mr. Brega, or have been in his custody since the commencement of the present action. To be of any efficacy, however, in opposition to a motion for discovery and inspection, a denial that the papers are in the possession or under the control of a party, must be made by the party himself. An affidavit of his attorney, based on information and belief, without disclosing the sources of such information and without assigning any good reason why the party does not swear to the facts himself, is utterly insufficient.

The application was denied upon the authority of Douglas *v.* Delano, 20 Weekly Dig. 85. In that case, however, the denial that the desired receipts were in the possession of the defendant, appears to have been made by the defendant himself, and not merely by his attorney ; and, furthermore, the decision was based, not alone on the ground that the defendant did not have the papers, but also on the ground that the desired papers were not necessary to the plaintiff, to enable him to make out his cause of action.

The identity of the books which the plaintiff wishes to inspect, is clear enough. They are the books which Mr. Brega has stated that his firm kept, containing entries in reference to the contracts made in the plaintiff's behalf. He should not be required to produce them at the office of the plaintiff's attorney, but should permit them to be inspected at the office of his own attorney, unless he is willing to furnish, duly verified copies of the entries in question, in which event an inspection would be unnecessary.

The order appealed from should be reversed, with costs

and disbursements, and the motion should be granted to the extent which has been indicated, so far as it relates to the defendant, Brega.

VAN BRUNT. Ch. J., and DANIELS, J., concur.